

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 17, 1971

Honorable James R. Kittles
County Attorney
Henderson County Courthouse
Athens, Texas 75751

Opinion No. M-955

Re: Authority of a County
Auditor to require that
Requisition or "Purchase
Order" be approved by
him prior to incurring
the expense presented
for payment.

Dear Mr. Kittles:

Your request for an opinion reads in part as follows:

"I have been requested by the Henderson
County Commissioners' Court to seek an opinion
from you on the following subject:

"Starting August 1, 1971, Henderson County
Auditor Hubert Boyd has taken the position that
no claim, bill or account against the County
will be approved by him for payment unless,
prior to ordering the item or incurring the
expense presented for payment, the county
officer seeking approval of the claim, bill or
account secured a "purchase order" (sample
enclosed) signed by the County Auditor.

"Question: Can he legally do this?"

Article 1645, et seq., Vernon's Civil Statutes, set out
the specific duties and authority of the office of the County
Auditor and the County Auditors possess only such powers as
are expressly conferred upon them by law or are necessarily
implied from the powers so conferred. Attorney General's
Opinion M-756 (1970), and authorities cited therein.

With respect to purchases of supplies or materials for

use of a county or its officers the functions of the County Auditor are defined by Article 1660 and 1661, Vernon's Civil Statutes.   Attorney General's Opinions 0-6506 (1945) and WW-1346 (1962).

In Attorney General's Opinion WW-1346 it was held:

"In view of the foregoing authorities, it is our opinion that the Commissioners Court of Brazoria County is the fact-finding body to determine whether equipment, material and services were delivered to the county, and the reasonable value of such equipment and services.

"It is our further opinion that the county auditor is required to pay bills if Articles 1660 and 1661, Vernon's Civil Statutes, are complied with."

Article 1660, Vernon's Civil Statutes, provides:

"All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor.  The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bill, or claims must be verified by affidavit touching the correctness of the same.  The auditor is hereby authorized to administer oaths for the purposes of this law."

Article 1661, Vernon's Civil Statutes, provides:

"He shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, unless, in addition to other requirements of law, there is attached thereto a requisition

signed by the officer ordering same and
approved by the county judge.  Said requisi-
tion must be made out and signed and approved
in triplicate by the said officers, the tri-
plicate to remain with the officer desiring
the purchase, the duplicate to be filed with
the county auditor, and the original to be
delivered to the party from whom said pur-
chase is to be made before any purchase shall
be made.  All warrants on the county trea-
surer, except warrants for jury service,
must be countersigned by the county auditor."

In construing the above quoted provisions, it was held
in Attorney General's Opinion 0-6506, supra.:

"With reference to the matter of requisi-
tions, Article 1661 clearly states that re-
quisitions are to be signed by the officer
making the purchase and approved by the county
judge.  We find no authority for the county
auditor to require, as a prerequisite to ap-
proval of a claim based on such purchase,
that the requisition shall be signed or ap-
proved by him when the purchase is made.

". . .

"Although the county auditor has general
oversight over the finances of the county,
the exercise of such oversight with reference
to purchases made and expenses incurred for
the use of the county or by certain officers
in the conduct of their offices, is defined
and controlled by the specific provisions
of the statutes pertaining to such purchases
and expenses.  In view of the foregoing and
in view of the facts given, it is the opinion
of this department that the county auditor is
not authorized to require, as a prerequisite
to his approval of a claim or items of expense,
that all requisitions for such purchaes or
expense items shall be signed or approved by
him at the time the purchase is made or the
expense incurred."

In view of the foregoing, our opinion is that the County Auditor may not require requisitions or "purchase orders" to be signed by him at the time the purchase is made or the expense incurred. On the contrary, it is the duty of the County Auditor to approve such purchases if Articles 1660 and 1661 are complied with.

## SUMMARY

The County Auditor is not authorized to require as a prerequisite to his approval of a claim or items of expense that a requisition be signed and approved by him at the time the purchase is made or the expense incurred.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James Quick
Bob Lattimore
Austin Bray
R. D. Green

SAM McDANIEL
Acting Staff Legal Assistant

NOLA WHITE
First Assistant

ALFRED WALKER
Executive Assistant